PENDLETON, President,
delivered the resolution of the Court as follows:
In Jane, 1796, the appellants, as surviving partners of Glassford 4* Co., commenced an action on the ease against John Fitzhugh and Margaret his wife, as executors of Richard Foote, in the County Court of Prince William. The declaration contains four counts: 1. An indebitatus assumpsit for goods sold and delivered to the testator by John Riddle, factor for the plaintiff. 2. A quantum oalebat for the same. 3. For money advanced. 4. For money had and received to the use of the plaintiffs. All Ihe promises being laid to be made by the testator: the defendants pleaded non assumpsit; and non assumpsit within five years: On which the parties were at issue. Upon the trial of the cause, the plaintiffs, in order to prove the 2d issue, gave in evidence, “that John Fitzhugh, the defendant, frequently said, in the year 1792, and since, that he understood, there was a considerable debt, of between two and three hundred pounds due from Foote’s estate, to the plaintiffs: that he had understood also, that when Foote made his will, on a conversation between him and others about the quantum of legacies to be given to his daughters, Mrs. Foote his then wife, observed there was very little due, except a British debt: That Fitzhugh also said, that he held some of the slaves of Foote’s estate, until it was determined, whether this debt was to he paid: That he believed the debt to be just, and he found the account in the house, and was willing to pay his part of it: That the legatees and sons of Foote were determined to take every advantage, and were sanguine in their expectations that the plaintiffs could not recover; *220 and it is stated, that Richard Foote died about the year 177s.” The defendants demurred to this evidence, as insufficient to maintain the second issue, on the part of the plaintiffs; the plaintiffs joined in demurrer; and the jury found a provisional verdict for the plaintiffs, for 3691. 17s. 10c?. subject to the opinion of the Court, upon the demurrer. The County Court gave judgment for the plaintiffs; and the defendants appealed to the District Court, where the judgment was reversed: Whereupon, the plaintiffs appealed to this Court. It was insisted, by the appellants’ counsel, that the issue joined upon the second plea, was an immaterial one, since non assumpsit within five years might apply to the time of the plea, which might be true, and yet he might have assumed within five years before the commencement of the suit, the true enquiry upon the issue; and the opinion of the Court, in the case of Smith v. Walker, 1 Wash. 135, was relied on. In that case (a complication of errors) the Court did say, that strictly the non assumpsit within five years must refer to the time of the plea.* The inference drawn from it, is not mentioned, nor is it further taken notice of; however, the conclusion now drawn, we think would be right, if there was nothing in the record to shew, that, if it had been properly pleaded, the decision of the issue must have been the same: But, it being stated, that Foote died in 1778, eighteen years before the suit was brought, it was impossible that he could have promised within the last five years, of those eighteen, unless he had come from the grave to make such promise. On this head, therefore, the issue was materially determined. It was objected by the appellees’ counsel, that the promise of Fitzhugh, if binding, ought to have been declared on, and could not have been given in evidence: To repel which, the appellants’ counsel relied on 1 Morgan’s Essays, 340, as proving that, upon a declaration laying a promise made to a testator, the plaintiff may give in evidence a promise made to the executor within tipie. Without considering this, which is contradicted in other books, or whether there may not be a difference in such a case between a promise made to and one made by an executor, which the Court think unne *221 ccssary to decide,* we arc of opinion that, in this case, the loose conversation of Fitzhugh, even if he had been the executor instead of being only the husband of the cxecutrix, would not have operated either as a new promise, or as an acknowledgment, so as to revive the debt. It is plain, from the whole evidence, that he did not intend it should have any such force; since, at the time he said he believed the debt to he just, and that he was willing to pay his part, he declared that the others concerned were determined to dispute it, and, that he held slaves in his hands until it was determined, whether the debt was to be paid.
We are, therefore, of opinion, that the District Court did not err in their judgment, so far as it went: yet we are obliged to reverse it, because it. was incomplete in not entering such a one as the County Court ought to have given. It is, therefore, reversed with costs, and a perfect judgment, such as there should have been, is to be entered; that is to say, that the judgment of the County Court is erroneous and reversed with costs, and judgment entered for the defendants.

[* See Evans v. Prosser, 3 T. R. 186 ; Le Bret v. Papillon, 4 East, 505, in which it was held tobe the settled rule, that actio non goes, in every case, to the commencement of the action; over-ruling Sullivan v. Montague, Dougl. 112.]

[* See Fisher’s ex’r. v. Duncan et al. 1 H. & M. 563; Quarles’ adm’x. v. Littlepage & Co. 4 H. & M. 401, in which it was held, after full consideration, that, on the trial of an issue on the assumpsit of the testator, an assumpsit, of his executor cannot be received in evidence to establish the demand: And see on this subject Secar v. Atkinson, adm’x. 1 H. Black. 102; 2 Wms. Saund. 117, c (2;) 1 Chitty on Plead. 205, 342; Whitaker v. Whitaker, 6 Johns. R. 112; Carter v. Phelps’s adm’r. 8 John. R. 440; Emerson v. Thompson, et al. 16 Mass. R. 429; Baxter adm’r. v. Penniman, 8 Mass. R 133.
There is no difference between a promise made to, and one made by an executor, as to the necessity of a special count. See Duke of Marlbrough’s ex’rs. v. Widmore, 2 Stra. 890; Jones et al. ex’rs v. Moore, adm’r. 5 Binney, 573 ; Ward et ux v. Hunter, 6 Taunt. 210; and Abbott, C J. in Pittam v. Foster et al. 1 Barn. & Cress. 248.]